## COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 24, 2019

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2018AP860-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2014CF363

## IN COURT OF APPEALS
## DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

GILBEAR H. VALDEZ, JR.,

   DEFENDANT-APPELLANT.

        APPEAL from a judgment and an order of the circuit court for Walworth County:  DAVID M. REDDY and KRISTINE E. DRETTWAN, Judges. *Affirmed*.

        Before Neubauer, C.J., Gundrum and Hagedorn, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Gilbear H. Valdez, Jr., appeals from a judgment of conviction and an order denying his postconviction motion.[1]  He contends that he is entitled to an in camera review of the victim's counseling records.  We disagree and affirm.

¶2     In 2014, the State charged Valdez with one count of repeated sexual assault of a child.  The charge stemmed from allegations that he touched his stepdaughter's vagina on numerous occasions while she was taking a shower.

¶3     Before trial, Valdez's counsel moved for an in camera review of the victim's counseling records.  In support, he noted that the victim's mother had asked police for information regarding counseling for the victim.  The circuit court denied the motion, explaining that Valdez's counsel had not established that such counseling records exist, much less contain relevant information.

¶4     The case proceeded to trial, where a jury found Valdez guilty.  The circuit court subsequently sentenced him to ten years of initial confinement and ten years of extended supervision.

¶5     After sentencing, Valdez filed a postconviction motion asking the circuit court to revisit its ruling on the victim's counseling records.  Valdez asserted that additional information, which was available to trial counsel at the time he filed his pretrial motion, supported an in camera review.  Specifically, Valdez cited a report in discovery that outlined the following information:

---

[1] The Honorable David M. Reddy presided over trial and entered the judgment of conviction.  The Honorable Kristine E. Drettwan entered the order denying Valdez's postconviction motion.

> [The victim] is currently seeing a therapist with Mercy Options to address her recent assault. [The victim] feels connected with her therapist, Sara Splinter[,] and is happy to go. It has been reported that [the victim] has a history of self-mutilation (cutting). [The victim] was assessed for suicide and denied any ideation. [The victim] is feeling some anxiety regarding the criminal investigation because she is nervous to testify. However, [the victim] feels it is important to tell her story and she wants [Valdez] to know what he did was wrong.

Valdez accused trial counsel of ineffective assistance for failing to include this additional information in his pretrial motion.

¶6 Following a hearing on the matter, the postconviction court denied Valdez's motion. The court explained that "[j]ust the fact that [the victim is] in counseling, that you know who the counselor is and know where the counselor's at, and that it's for this offense is not enough of a showing …." Because the additional information would not have made a difference in the pretrial ruling, the court declined to find trial counsel ineffective. Valdez now appeals.[2]

¶7 To be entitled to an in camera review of a victim's counseling records, a defendant must prove that the records are material to the defense. *State v. Shiffra*, 175 Wis. 2d 600, 608, 499 N.W.2d 719 (Ct. App. 1993), *abrogated in part on other grounds by State v. Green*, 2002 WI 68, ¶32, 253 Wis. 2d 356, 646 N.W.2d 298. Specifically, the defendant must show "a 'reasonable likelihood' that the records will be necessary to a determination of guilt or innocence." *Green*, 253 Wis. 2d 356, ¶32 (citation omitted). The defendant is required to make "a fact-specific evidentiary showing, describing as precisely as

---

[2] Valdez does not reassert his claim of ineffective assistance of trial counsel on appeal and has therefore abandoned it. Nevertheless, we include the ineffective assistance of counsel framework in our analysis, as it is necessary to address the postconviction court's ruling.

possible the information sought from the records and how it is relevant to and supports his or her particular defense." *Id.*, ¶33. The showing must be based on more than a "mere contention that the victim has been involved in counseling related to prior sexual assaults or the current sexual assault." *Id.* Whether a defendant made a sufficient showing is a question of law that we review de novo. *Id.*, ¶20.

¶8 To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that he or she suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A reviewing court need not address both prongs of the analysis if the defendant makes an insufficient showing on either one. *Id.* at 697. Our review of an ineffective assistance of counsel claim is a mixed question of fact and law. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985). We will not disturb the circuit court's findings of fact unless they are clearly erroneous, but the ultimate determination of whether counsel's performance fell below the constitutional minimum is a question of law we review de novo. *Id.* at 634.

¶9 Like the postconviction court, we conclude that Valdez is not entitled to an in camera review of the victim's counseling records. Even with the additional information contained in his postconviction motion, all Valdez has shown is that the victim went to therapy to discuss the assaults after she disclosed them to police. The fact that the victim discussed the assaults in such a setting is not enough for Valdez to obtain the relief he seeks. *See Green*, 253 Wis. 2d 356, ¶37 ("The mere assertion … that the sexual assault was discussed during counseling and that the counseling records may contain statements that are inconsistent with other reports is insufficient to compel an in camera review."). Because Valdez has not shown that there is a reasonable probability that the

additional information would have led to an in camera review of the victim's counseling records, the postconviction court properly rejected his claim of ineffective assistance of trial counsel. *See **Strickland***, 466 U.S. at 694 (to show prejudice, the defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different).

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).